**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALTIUS WILLIX,

      Plaintiff,                                Civil Action No. 2:11-CV-10937

v.                                        HONORABLE ARTHUR J. TARNOW

MONROE COUNTY JAIL
ADMINISTRATION,

      Defendant,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

This matter is before the Court on Altius Willix's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a prisoner currently confined at the Chippewa County Jail in Sault Ste. Marie, Michigan.  The Court has reviewed plaintiff's complaint and now dismisses it for failing to state a claim upon which relief can be granted.

### II.  STANDARD OF REVIEW

In order to state a claim under 42 U.S.C.§ 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995).  A *pro se* civil rights complaint is to be construed liberally. *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994).  Under The Prison Litigation Reform Act of 1995

*Willix v. Monroe County Jail Administration,* U.S.D.C. 2:11-CV-10937 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6ᵗʰ Cir. 1997).  If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612.  Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *See McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III. COMPLAINT

Plaintiff claims that he was given the wrong medication one evening by jail personnel while incarcerated at the Monroe County Jail.  Plaintiff was informed that the medication would help him sleep.  When plaintiff awoke at 11:30 p.m. to use the bathroom, he was still drowsy from the medication and actually fell asleep on the toilet. After using the toilet, plaintiff exited the bathroom.  Plaintiff claims that he slipped and fell in a pool of water that was not visible to him.  Plaintiff claims that the water was on the floor because other prisoners had taken showers a few hours earlier.  Plaintiff slipped on the floor and landed on his back.  Plaintiff alleges that the jail personnel were negligent for not checking the floor for water and for prescribing him a medication which made him drowsy.  Plaintiff seeks monetary damages.

*Willix v. Monroe County Jail Administration,* U.S.D.C. 2:11-CV-10937

## IV.  DISCUSSION

Plaintiff's claim is subject to dismissal because he has merely alleged that the defendant's personnel acted negligently.

This Court notes that "[t]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986)(emphasis original); *See also Lewellen v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 34 F. 3d 345, 348 (6th Cir. 1994)("it is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest.").  Likewise, a complaint that a doctor has been negligent in diagnosing or treating a medical condition of a prisoner does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Sanderfer v. Nichols,* 62 F. 3d 151, 154 (6th Cir. 1995).  "[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106.  Thus, an Eighth Amendment claim of deliberate indifference must be supported by more than mere negligence. *See Harrison v. Ash,* 539 F.3d 510, 522 (6th Cir. 2008).

Plaintiff's claim that he slipped and fell in a pool of water at the Monroe County Jail alleges at worst that the defendant's employees were negligent in failing to protect plaintiff from such hazardous conditions, and thus does not state a claim for relief under § 1983. *Daniels v. Williams,* 474 U.S. at 332(the Fourteenth Amendment did not afford a remedy for injuries allegedly sustained by plaintiff when, while an inmate in a city jail, he slipped on a pillow negligently left on a stairway by correctional deputy); *White v.*

3

*Willix v. Monroe County Jail Administration,* U.S.D.C. 2:11-CV-10937

*Tyszkiewicz*, 27 Fed. Appx. 314, 315 (6th Cir. 2001)(allegations that state prisoner slipped and fell on ice at most alleged that prison officials were negligent in their duty to protect prisoner from such hazardous conditions, and thus did not state claim under the Eighth Amendment, warranting dismissal of prisoner's § 1983 action).

In like fashion, plaintiff's claim that the jail personnel gave him the wrong medication amounts to no more than a medical malpractice claim which is non-cognizable in a § 1983 action. See *Rumsey v. Martin*, 28 Fed. Appx. 500, 501-02 (6th Cir. 2002).

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).


s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 15, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 15, 2011, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary